PEOPLE *v.* FURKAS.

CRIMINAL LAW—ARSON—WITHDRAWAL OF GUILTY PLEA—DISCRE-
TION OF COURT—STATUTES.
   Defendant's motion to withdraw plea of guilty, in prosecution
   for arson, was properly denied, where court's decision that to
   grant said motion would be a travesty of justice and
   outrageous exercise of court's discretion is supported by
   record (3 Comp. Laws 1929, § 17328).

Appeal from Berrien; White (Chas. E.), J. Sub-
mitted June 11, 1931. (Docket No. 133, Calendar
No. 35,758.) Decided October 5, 1931.

Eugene L. Furkas pleaded guilty to a charge of
arson. From order denying change of plea, defend-
ant appeals. Affirmed.

*George H. Bookwalter,* for appellant.

*Paul W. Voorhies,* Attorney General, *W. M. Cun-
ningham,* Prosecuting Attorney (*Harold J. Waples,*
of counsel), for the people.

McDONALD, J. The defendant was charged with
arson at St. Joseph, Berrien county, Michigan. To
the information filed against him, he entered a plea
of guilty. Before his arrest, he made a written con-
fession, in which he stated that he set fire to the
building at the instigation of the owners, Hurwich
and Nicely. Subsequently they were arrested, tried,
and convicted. On their trial defendant was a wit-
ness for the people and gave testimony along the
line of his confession. After his plea of guilty to
the arson charge, he was allowed his liberty on his

On circumstances justifying refusal of leave to withdraw, see
annotation in 20 A. L. R. 1454; 66 A. L. R. 638.

own recognizance. About a month subsequent to the conviction of Hurwich and Nicely; he went to the office of their attorney and made a written statement under oath retracting his testimony given on the trial. This retraction was used by their attorney on a motion for a new trial. After this he absented himself from the State for about three months. In the meantime, a warrant had been issued against him for perjury. On March 23d, 1931, he surrendered to the sheriff in answer to the perjury warrant. It was not served, but he was retained in custody. On the same day he filed a motion to withdraw his plea to the arson charge. This motion was denied, and he was sentenced to prison for not less than nine years nor more than ten years, with a recommendation that he serve nine years. From the order denying the motion to change his plea, he has appealed.

The statute applicable to this case, 3 Comp. Laws 1929, § 17328, reads as follows:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied, after such investigation as he may deem necessary for that purpose, respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered, and order a trial of the issue thus formed."

The defendant's motion to change the plea was supported by his affidavit in which he recited facts

tending to show that it was induced by promises of reward and immunity and that he was not guilty of the offense charged. Denial of these facts was made in counter-affidavits filed by the prosecuting attorney and by the defendant's testimony taken on the examination and trial of Hurwich and Nicely. From this evidence, and from what he had learned in several private conferences with the defendant, the trial court concluded that his plea of guilty was freely made, and that there was no doubt of his guilt.

It is undisputed that none of the officials of Berrien county had any knowledge of defendant's connection with the arson until he voluntarily prepared a written confession and gave it to Mr. Allen, a deputy fire marshal. The following day he gave a more detailed statement to the prosecuting attorney, in which he implicated Hurwich and Nicely as instigators of the crime. On their trial and in the examination in justice's court, he repeatedly insisted that he was guilty; that his plea of guilty had been voluntarily entered; that no threats had been made against him; that he had been offered no promises of reward or immunity; and that he expected to be punished by imprisonment. After all that came his retraction, which he gave to the attorney for Hurwich and Nicely to be used in support of their motion for a new trial. We are satisfied that it was without honest purpose and was procured by one Kierdorf, who was no friend to justice, a man characterized by the trial court as a "notorious character with a criminal record." Defendant's retraction and desire to change his plea would have been regarded more favorably by the trial court if he had voluntarily made it to him for the purpose of righting his conscience and undoing the wrong

he had done to Hurwich and Nicely. The court knew the defendant. He had heard him testify and had given him private conferences. He knew the numerous witnesses who gave testimony in contradiction of the recitals in defendant's affidavit filed in support of the motion to change his plea. With all the facts and circumstances before him, he said in denial of the motion:

"It would be a gross travesty of justice and an outrageous exercise of discretion on the part of the court to permit the respondent at this time to withdraw his plea of guilty."

We agree with the trial court. Any different conclusion would be based entirely on the unsupported affidavit of a confessed perjurer.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.