HANOVER FIRE INSURANCE COMPANY OF NEW YORK *v.* FURKAS.

1. JUDGMENT—DEFAULT—APPEARANCE—PLEADING—DAMAGES.
    Default of defendant in appearance or pleading in ordinary action of tort or contract admits the right to recover but does not admit the amount.

2. CONSPIRACY—LIABILITY OF CONSPIRATORS—EVIDENCE.
    The civil liability of conspirators is joint and several and after *prima facie* showing of conspiracy, plaintiff may give in evidence the acts and sayings of any conspirator done or said in furtherance of the common purpose whether he is a party defendant or not or has defaulted.

3. TRIAL—IMPEACHMENT OF WITNESS—CROSS-EXAMINATION.
    Instruction in tort action that defaulted defendant conspirator, called by plaintiff for cross-examination under the statute, was subject to impeachment by his testimony in criminal case, which was followed by instruction that impeaching testimony could not be considered against other defendants but that they were entitled to benefit of such of his testimony as jury believed credible *held*, without error and not prejudicial, where cross-examination as to matters other than damages was permitted without objection (3 Comp. Laws 1929, § 14220).

4. FRAUD—TRIAL—COMPROMISE AND SETTLEMENT—INCENDIARY FIRE.
    Defendants, officers of corporation to which a fire loss was paid, in action by fire insurance company for their fraudulent action in destroying insured property are neither entitled to directed verdict for plaintiff's failure to allege or prove reliance upon false representations or concealments in paying loss or lack of knowledge of incendiary origin of the fire prior to making compromise settlement nor to have such matters submitted to the jury.

5. TRIAL—INSTRUCTIONS—EVIDENCE.
    Instruction to jury in case for fraud in which plaintiff's claim amounted to allegation of the commission of a crime, that plaintiff need prove his claim by preponderance of the evidence and not beyond a reasonable doubt *held*, not prejudicial.

6. SAME—ARGUMENTATIVE INSTRUCTIONS.

    Claim that charge of court was argumentative and unduly emphasized plaintiff's claims *held,* without merit where charge presented issues of fact and law applicable thereto and questions by foreman of jury indicate they understood facts which must be found to entitle plaintiff to recover.

7. FRAUD—GREAT WEIGHT OF EVIDENCE.

    Verdict in action by fire insurance company against officers and employee of corporation for defrauding plaintiff by setting fire to insured property *held,* not against the great weight of the evidence.

Appeal from Ionia; Hawley (Royal A.), J. Submitted January 5, 1934. (Docket No. 74, Calendar No. 37,538.) Decided June 4, 1934. Rehearing denied July 2, 1934.

Case by Hanover Fire Insurance Company of New York against Eugene L. Furkas, Maurice L. Hurwich and Claude E. Nicely for fraud in connection with loss under a fire insurance policy. Judgment for plaintiff. Defendants Hurwich and Nicely appeal. Affirmed.

*Smith, Searl & Strawhecker,* for plaintiff.

*Rosenburg & Painter,* for defendants Hurwich and Nicely.

NELSON SHARPE, C. J. In the declaration filed in this case it was alleged, in substance, that the defendant Hurwich was the president and treasurer of the St. Joseph Board & Paper Company, the defendant Nicely the vice-president and general manager, and the defendant Furkas an employee thereof; that on July 13, 1927, plaintiff, at the request of said company, issued a policy in the sum of $5,000 insuring the company against loss and damage by fire to certain buildings constituting its

plant at the city of St. Joseph; that the buildings insured were situate upon lands owned by one Frank S. Bicking and under lease with option to purchase, in which said Hurwich and Nicely were lessees and who had assigned their interest therein to the company. The concluding paragraphs read as follows:

"8. Thereafter and on the 29th day of January, 1928, the said defendants, unlawfully conspiring together to defraud the plaintiff, caused the buildings so insured to be set afire, from which fire a loss resulted, the plaintiff's portion of which was the sum of $4,310.34.

"9. The said defendants individually and as officers and employees of St. Joseph Board & Paper Company thereafter presented to the plaintiff proofs of loss, and the plaintiff paid to the St. Joseph Board & Paper Company, as a result of said fire and in settlement of its proportion thereof, the sum of $4,310.34 for which amount, with interest from date of payment, the plaintiff now claims judgment."

The answer of the defendants Hurwich and Nicely contained a denial of liability. The default of the defendant Furkas was duly entered. The order therefor provided "that the assessment of damages herein shall be by the court or jury upon the trial of the principal issue."

After the proofs had been submitted, the trial court directed the jury to find a verdict against the defendant Furkas for the amount of plaintiff's claim. He instructed them that, to entitle the plaintiff to recover against the other defendants, they must find that they entered into a conspiracy with Furkas to burn the buildings, and that, pursuant thereto, the fire was set and the buildings destroyed by it. The jury returned a verdict against all of the defendants for the amount of plaintiff's claim. De-

fendants Hurwich and Nicely, hereafter called the defendants, have appealed.

As its first witness, the plaintiff's attorney called the defendant Furkas for cross-examination under the statute (3 Comp. Laws 1929, § 14220). He denied that he entered into a conspiracy with the other defendants to burn the buildings. He also denied that he had personally set the fire which destroyed them. He admitted that he was at that time an employee of the paper company.

Victor V. Troyer, the superintendent of the company at the time of the fire, was then called. He testified that on Saturday, the 28th day of July, 1928, he and Furkas were in the office of the defendant Nicely in South Bend, Indiana; that "Mr. Nicely said the affairs of the mill were in pretty bad shape financially and told me about the only way out would be to have a fire and proposed that Mr. Furkas and I being the logical ones and being over there all the while should set the fire;" that he (Troyer) asked that the defendant Hurwich be brought in, and that Hurwich came and he asked him if the proposition of burning the mill was his (Hurwich's) idea, and that Hurwich replied, "Whatever Claude says is all right with me;" that the question came up as to when the fire should be set, and Furkas said "he thought at night would be a bad time to do it because somebody might get hurt and he preferred to do it the next day on Sunday;" that he then went with Furkas to St. Joseph and then on to his home in Constantine; that the buildings were burned on the next day (Sunday), and he was called on the telephone and so informed.

Proof was then submitted of the issuance of the policy by plaintiff in the sum of $5,000 and those of other insurance companies, making a total of

$72,500. It seems to be undisputed that the insurance had been increased from $32,500 to that amount about 10 days before the fire. Proofs of loss were also submitted, and it is conceded that the loss was adjusted at $62,500 and paid to the paper company, of which sum plaintiff paid $4,310.34.

Furkas was then again called to the witness stand and, over the objection of defendants' counsel, cross-examined relative to the testimony he gave on the criminal trial in which he and the other defendants were convicted, and to the statements made by him in an affidavit used on a motion for a new trial thereof. See, *People* v. *Furkas*, 255 Mich. 533; *People* v. *Hurwich*, 259 Mich. 361. In admitting this testimony the trial court stated that for the time being it would be received in its bearing upon the liability of Furkas alone and ''with the instruction unless other circumstances arise that the jury shall not consider it as bearing upon the liability or non-liability of the other defendants in the case.''

Counsel for the defendants at that time argued that, as Furkas had been defaulted, it was unnecessary to impeach him and that its only purpose was to create prejudice against the defendants. The court answered this contention by saying that—

''The jury will be directed that they are not to be controlled by their prejudices but by the testimony that is admitted and which they have a right to consider and base their verdict upon that testimony.''

Furkas then admitted that he had testified before a justice of the peace and upon the criminal trial that he was present at the meeting in South Bend at which he and Troyer were requested to burn the buildings and that he set the fire on the following day, but he insisted that the testimony so given was untrue. He stated that his reason for thus perjur-

ing himself was due to his desire to secure a reward which he had heard the insurance companies would pay for "information leading to the fire" and an assurance on the part of one of their agents that "there wouldn't be any question about absolute immunity and, also, a nice reward for me."

The defendants were called as witnesses in their own behalf. They denied that they had entered into a conspiracy to burn the buildings, but admitted that they had been convicted on the criminal trial and were then serving time in the State prison at Jackson.

Error is assigned upon an instruction to the jury reading as follows:

"The defendant Furkas having permitted a default to be entered against him, you are instructed to return a verdict against the defendant for the amount of the plaintiff's claim, with interest to date."

In ordinary actions founded on contract or tort the rule seems well established that a default in appearing.or pleading admits the right to recover, but not the amount of the damages.

"On the assessment of damages in *assumpsit* on a contract of sale, after the default of defendant, the *amount* of the damages alone is in issue; the liability of defendant on the contract being fixed by the default." *Grinnell* v. *Bebb* (syllabus), 126 Mich. 157.

"A default in appearing or pleading where the action is in tort or upon an unliquidated claim, while it admits the right to recover, does not admit the amount, and further proceedings are required to determine the amount of the judgment." 17 C. J. p. 1042.

See, also, 1 Green's Michigan Practice (3d Ed.), p. 684; 15 R. C. L. p. 663 *et seq.*; 15 L. R. A. 614; *Cromwell* v. *County of Sac,* 94 U. S. 351.

Defendants' counsel admit that the general rule is as stated and applies alike to actions *ex contractu* and in tort, but insist that it cannot be applied in this case for the reason that under plaintiff's proof "if one defendant is liable all defendants are liable," and that the instruction "in effect directed the jury that they must find the conspiracy and the burning established," and as a result of such finding impose liability on the other two defendants.

We are not in accord with the claim of counsel that under plaintiff's proofs "if one defendant is liable all defendants are liable." Immediately following the instruction complained of, the court gave one of plaintiff's requests, reading as follows:

" 'If you find for the plaintiff under the instructions that I have heretofore given you and against the other two defendants, or either of them,' that is Hurwich and Nicely, 'you will find a verdict for the plaintiff against such defendants, naming them, and stating the amount of the damages which would be the amount paid by the plaintiff plus interest at five per cent.' "

This action is not brought to punish the defendants as conspirators for violating the law. The injury of which plaintiff complains, and for which it seeks to recover damages, was the wanton destruction of the buildings insured by it. There was evidence tending to prove that Furkas set the fire and, while it was strongly supported by the evidence of the conspiracy, an action against Furkas alone might have been brought to recover therefor and the evidence of the conspiracy submitted in support thereof. The foundation of the action is the dam-

ages plaintiff sustained by reason of the fire, and not the conspiracy. The injury for which the plaintiff seeks compensation was not one that could have been caused only by two or more of the defendants acting in concert.

"Conspiracy is not the ground of these actions on the case. The cause of action does not result from the conspiracy, but from the thing done and the damage flowing from it." *Bush* v. *Sprague,* 51 Mich. 41, 48; quoted with approval in *Auto Workers' Temple Ass'n* v. *Janson,* 227 Mich. 430, 434.

"A joint action may be maintained against the conspirators for the damages caused by their wrongful act, but all the conspirators need not be joined; an action may be maintained against but one." 5 R. C. L. p. 1103.

"But the liability of conspirators to civil damages is joint and several, and, a conspiracy being shown *prima facie,* the plaintiff may give in evidence the acts and sayings of any conspirator done or said in furtherance of the common purpose, whether that conspirator be a party defendant or not." *Schultz* v. *Frankfort Marine, Accident & Plate Glass Ins. Co.,* 151 Wis. 537 (139 N. W. 386, 43 L. R. A. [N. S.] 520).

Error is assigned upon that portion of the charge in which the court, after referring to the fact that Furkas had been called for cross-examination, said:

"The plaintiff is not bound by the testimony of this witness under the law except to the extent and only to the extent that it stands uncontradicted, and in this case it does not stand uncontradicted, in the material features of it because the witness himself in this case or another case that was tried before, the case of the people against Hurwich and Nicely he testified to the contrary. In other words, the witness Furkas has contradicted his own testimony by

the testimony he gave in another case. Accordingly the plaintiffs in this case are not bound by Furkas' testimony.''

This was at once followed by the further instruction:

"On the other hand, the testimony of Furkas in the other case is not binding upon the defendants; they are not bound by his, testimony in the other case and you haven't any right to consider as bearing against the defendants in this case the testimony that Furkas gave in the other case. You haven't any right to consider it for any purpose as against these defendants. He has come into this court and given his testimony here and this case has been heard and it will be determined by you in the jury room by the testimony in this case. In that connection I will say that the defendants in this case are entitled to the benefit of Furkas' testimony in this case to such an extent as you may find that it is credible or believe it and to that extent only.''

When the plaintiff's attorney called Furkas for cross-examination under the statute, defendants' attorneys made no objections thereto. By his default he had admitted his liability to plaintiff under the declaration and, had objection been made, could have been cross-examined only as to the amount of the damages sustained.

Both parties apparently sought to gain an advantage from his examination. Plaintiff's counsel doubtless had information of the testimony he had given on the trial of the criminal case wherein he had admitted that he had set the fire pursuant to the request of the defendants, and cross-examined him in the hope, if not the expectation, that he would again so testify. Defendants' counsel were doubt-

less certain that he would not, and that his denial would be of benefit to the defendants. Had they made objection to the plaintiff's right to cross-examine as to the facts on which the witness was interrogated, the trial court, impressed as he then was with the effect of the default, would doubtless have sustained the objection, and plaintiff's counsel, had he persisted, would necessarily have been required to examine Furkas as his own witness, and his impeachment would not have been permitted. But when the cross-examination was indulged in without objection, the court had the right to treat it as proper, and his impeachment in the manner disclosed was permissible, and under the circumstances there was no error in the instruction given relative thereto.

It appears in the record that a compromise settlement was effected between the insured and the insurance companies under which the insured accepted from the plaintiff a sum somewhat less than the full value of the policy. It is urged on the part of the defendants that the failure of the plaintiff to allege in its declaration that it "relied upon any false representations or concealments in paying the loss" and failed to prove upon the trial that the plaintiff "had no knowledge at the time of payment of loss of the incendiary origin of the fire," entitled them to a directed verdict, or at least to have "the question of reliance and lack of knowledge" submitted to the jury.

In the proof of loss signed by the paper company by the defendant Hurwich, its secretary, and verified by him, it was stated that the "fire occurred, on the 29th day of January, 1928, about the hour of 1:15 o'clock p. m., which upon the best knowledge and belief of insured originated cause unknown."

It was also stated therein—

"The said loss or damage did not originate by any act, design or procurement on the part of insured or this affiant."

On these statements in the proof of loss the plaintiff had a right to rely, and in making the settlement it will be assumed that it did rely thereon. The total amount of the insurance at the time of the fire was $72,500. In the compromise settlement the insured received $62,500. The adjuster who made the settlement was a witness, and in his cross-examination by defendants' counsel there is no intimation that the reduction was due to any suspicion on the part of the insurers that the fire had been set. It must be assumed that the value of the property destroyed, alone, was then considered. Had this action been brought to recover from the paper company the money paid them under the policy, and based upon the claim that it had caused the buildings to be destroyed by fire, a different question would be presented. But it is here planted against the defendants for their fraudulent action in destroying by fire the property insured, by reason of which the plaintiff was damaged to the amount paid to the insured under the policy issued to it. Reliance is not placed upon the representations made in the proofs of loss. It is placed upon the unlawful conduct of the defendants, by reason of which the plaintiff was defrauded to the extent of the payment made by it to the insured.

Error is assigned upon the following instruction, given at the request of plaintiff's counsel:

" 'The claim of the plaintiffs here that these men defrauded the plaintiffs amounts to an allegation of the commission of a crime but inasmuch as this is a

civil case a different rule as to the extent of the testimony required to make out the plaintiff's case is to be applied. In a criminal case the proof of the commission of a crime is required to be made out beyond a reasonable doubt, that is, the jurors in such a case must have no reasonable doubt of the guilt of the defendant before they can convict, while in a civil case it is only required that the plaintiff prove his claim by a preponderance of the evidence, that is, by evidence that is more convincing to your minds than the evidence produced by the defendants.'

"So, the rule in this case, this being a civil case, is not that the plaintiff must establish his claim beyond a reasonable doubt but by a preponderance of the evidence."

Preponderance of evidence was then defined in terms of which no complaint is made. We find no error in the giving of this request. Some of the jurors may have sat in the trial of criminal cases and have known that the wanton destruction of a building by fire is an offense punishable as a crime, and that to convict there must be no reasonable doubt of guilt. The distinction as here pointed out was in no way prejudicial to the defendants.

It is urged that the charge of the court was argumentative and unduly emphasized the claims of the plaintiff. In this we cannot agree with counsel. The instructions very carefully presented the issues of fact and the law applicable thereto. The jury were told to— "remember that in stating these claims of the plaintiff I am not in any wise stating my own ideas or my own opinions, I am merely stating the claims of the plaintiffs."

After being out for a time, the jury returned for further instructions, and the questions then asked by the foreman quite clearly indicate that they

understood the facts which they must find to entitle the plaintiff to recover.

There was proof to support the verdict, and, on a consideration of the entire record, it cannot be said that it was against the great weight of the evidence.

The judgment is affirmed.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.