## NIKORA v. MAYER.

No. 4895.

United States District Court
D. Connecticut, New Haven Division.

June 29, 1954.

Robert C. Barnum, Jr. (of Ivey, Barnum & O'Mara), Greenwich, Conn., for plaintiff.

Sydney C. Perell (of Gordon & Perell), Stamford, Conn., for defendant.

ANDERSON, District Judge.

This is an action in two counts. The first count alleges a contract by the defendant to sell real property to the plaintiff and a breach of that contract. It seeks specific performance of the contract and compensatory damages. The second count is in the alternative alleging the same facts as those set up in the first count and, in addition, asserts that the defendant conspired with others maliciously, wantonly and wilfully to cause the breach of the contract. It seeks compensatory and exemplary damages.

With regard to the defendant's motion to dismiss the action for lack of jurisdiction because the amount actually in controversy is less than $3,000 Rule 12(b)(1), it appears from the complaint that the purchase price of the land in contract of sale was $24,160. Specific performance of this contract is sought.

■ The value of the real property, the conveyance of which is the principal relief claimed, establishes the amount in controversy. Peterson v. Sucro, 4 Cir., 93 F.2d 878, 114 A.L.R. 890. It is here more than adequate and the defendant's motion is denied.

The defendant's motion to dismiss the second count for failure to state a claim upon which relief can be granted is based upon the proposition that where, as here, the first count alleges a breach of contract, a second count alleging a conspiracy by the defendant and others to breach the same contract adds nothing to the allegations against this defendant and in effect simply repeats the first count over again. In his second count the plaintiff incorporates by reference all of the basic factual allegations of the first count. The plaintiff alleges in part that he entered into the contract for the purchase of the real property in question with one Alfred S. Holmes, that thereafter the defendant "assumed the duties and liabilities of the said Holmes with respect to the said * * * property * * *", that the plaintiff "has been ready, willing and able to perform the agreement on his part * * * and has demanded that the defendant perform the said agreement on his part, but the defendant has failed and refused * * *." All of these allegations of the first count are made a part of the second count. The second count then adds "The defendant * * * conspired * * * with Alfred S. Holmes * * * and others * * * maliciously, wantonly and wilfully to cause the said Alfred S. Holmes and his assigns * * * to * * * breach * * * the agreement." The defendant is the only person claimed to be an assign of Holmes and is the only party defendant.

The plaintiff contends that he is simply pleading in the alternative and, in the second count, is basing the action upon tort as distinct from the first count which sounds in contract. He, of course, has the right to plead in the alternative, Rule 8(e)(2).

■ The question is whether or not he has done so. There is no doubt that if he had made a short, plain statement alleging that the defendant and others had conspired to cause or induce Holmes to breach the contract between the plaintiff and Holmes, he would have presented a clear cause of action in tort. Wade v. Culp, 107 Ind.App. 503, 23 N.E.2d 615; 15 C.J.S. Conspiracy, § 13, p. 1020. But this he did not do; nor is there any allegation of false or fraudulent representations, violence, threats, intimidation or coercion. By the indiscriminate and wholesale incorporation by reference of the allegations of the first count into the second, the latter might well be interpreted to mean that the defendant had assumed all of Holmes's duties under the contract, that the plaintiff had accepted the defendant in place of Holmes and was looking to the defendant alone to perform; that following this novation, the defendant with Holmes and others conspired, not through the introduction of the defendant as a new party to the contract in place of Holmes, but through some means not described, to cause the defendant to breach the contract with the plaintiff; that the words "maliciously, wantonly and wilfully" are included solely to predicate the claim for exemplary damages. In effect, therefore, the second count may be said to allege that the defendant conspired with others to cause himself to breach the contract. This does not constitute a cause of action, separate from that set out in the first count.

"Accurately speaking, however, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself. Santoro v. Mack, 108

Conn. 683, 693, 145 A. 273; Wyeman v. Deady, 79 Conn. 414, 417, 65 A. 129; Kimball v. Harman, 34 Md. 407, 409; Hanover Fire Ins. Co. v. Furkas, 267 Mich. 14, 21, 255 N.W. 381; 11 Am.Jur. 577. The allegation as to conspiracy brings no strength to the declaration, for it shows no additional cause of action. Austin v. Barrows, 41 Conn. 287, 300." Cole v. Associated Construction Co. 141 Conn. 49, 103 A.2d 529, 532.

The second count of the complaint does not comply with Rule 8(a)(2), (e)(1) of the Rules of Civil Procedure, 28 U.S.C. A.; Moore's Federal Practice 2nd Edition Vol. 2, page 1656, Section 8:14. The second count is, therefore, dismissed without prejudice, however, to any motion of the plaintiff to amend.

■ As the first count of the complaint seeks equitable relief with only incidental damages, the action should properly be stricken from the jury list, Moore's Federal Practice, 2nd Edition, Vol. 5, page 169, Section 38, 19 (2), as moved by the defendant, and it is so ordered.