**PHOENIX ASSURANCE COMPANY OF CANADA, Norwich Union Fire Society, Ltd., Royal Insurance Office, and Wawanesa Mutual Insurance Company, Plaintiffs and Appellees,**

v.

**Clayton E. RUNCK, Jr. and Herman Sobania, Defendants and Appellants,**
**George Schulz, Defendant.**
**Civ. No. 10596.**

Supreme Court of North Dakota.

April 17, 1985.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiffs and appellees; argued by C. Nicholas Vogel.

Robert Vogel Law Office, Grand Forks, for defendant and appellant Clayton E. Runck, Jr.; argued by Robert Vogel.

GIERKE, Justice.

Clayton E. Runck, Jr., and Herman Sobania [1] appealed from a district court judgment [2] against them and George Schulz in an action brought by several insurance companies to recover insurance proceeds

---

1. The appeal of Herman Sobania was dismissed pursuant to stipulation of the parties.

2. A previous appeal involving Runck's Fifth Amendment privilege with regard to possible

Canadian prosecution for arson is reported at *Phoenix Assurance Co. of Canada v. Runck,* 317 N.W.2d 402 (N.D.1982), *cert. denied,* 459 U.S. 862, 103 S.Ct. 137, 74 L.Ed.2d 117 (1982).

paid to Runck, interest, and punitive damages. We affirm.

The trial court made the following findings of fact:

"3. In the fall of 1971 Runck purchased a building and the surrounding land located in Starbuck, Canada, and had the building and any contents insured under a policy of co-insurance subscribed to by the plaintiffs.

\* \* \* \* \* \*

"5. After the purchase of the building and prior to December 18, 1971, Runck made arrangements with Sobania and Schulz to set fire to the Starbuck building so that he could collect the insurance on the building and its contents.

"6. On December 18, 1971, pursuant to Runck's directions, Sobania succeeded in setting fire to the Starbuck building after Schulz's initial attempts to start the fire had proven unsuccessful. The building burned to the ground and all of the contents were destroyed....

"7. After the fire Runck filed a fire loss claim with the plaintiff insurance companies. Jack Scott, an insurance adjuster employed by the plaintiff companies, conducted a reasonable investigation of the fire but was unable to determine its cause or to discover Runck's involvement in setting it. Runck himself denied to Mr. Scott having any knowledge as to the cause of the fire. Eventually, Runck and Scott agreed that the amount of the insured loss to the building and contents resulting from the fire totaled $75,715.00.

"8. A proof of loss showing a total insured loss of $75,715.00 was signed and sworn to by Runck and submitted to the insurance companies. The proof of loss stated that Runck had no knowledge of the cause of the fire and that the fire was not caused through any procurement, means, or connivance on his part. This representation of Runck was false and misleading and Runck knew that the statement was untrue at the time he signed the proof of loss.

"9. In reasonable reliance upon the statements and the proof of loss, the plaintiff insurance companies paid Runck a total of $75,715.00."

The trial court concluded that the insurance companies had established fraud by clear and convincing evidence. As an alternative ground for judgment against Runck, the trial court concluded that the insurance companies were entitled to entry of a default judgment because of Runck's refusal to answer interrogatories. As another alternative ground for judgment against Runck, the trial court struck Runck's answer to the complaint and deemed the allegations in the complaint admitted because of Runck's refusal to answer questions posed to him at trial.

Runck has raised the following issues:

"Whether the District Court committed reversible error when it concluded that Plaintiffs' action was not barred by the statute of limitations.

"Whether the District Court erred in concluding that Plaintiffs established by clear and convincing evidence that Mr. Runck committed [sic] a fraud upon Plaintiffs.

"Whether the District Court erred when it held Mr. Runck in contempt and struck his Answer, when Mr. Runck, on Fifth Amendment grounds, refused to answer incriminating questions posed to him at trial.

"Whether the District Court erred when it held Mr. Runck in contempt and entered a default judgment against Mr. Runck, after Mr. Runck, on Fifth Amendment grounds, refused to answer interrogatories posed by Plaintiffs.

"Whether the District Court erred when it refused to rule that an adverse inference cannot be drawn from the fact that Mr. Runck refused to testify on Fifth Amendment grounds.

"Whether the District Court erred when it admitted evidence of fires other than the Starbuck fire."

Runck asserts that the trial court erred because it applied § 28–01–16(6), N.D.C.C., rather than § 28–01–24, N.D.C.C. Section 28–01–16(6), N.D.C.C., provides:

"*28–01–16. Actions having six-year limitations.* The following actions must be commenced within six years after the cause of action has accrued:

\*     \*     \*     \*     \*     \*

6. An action for relief on the ground of fraud in all cases both at law and in equity, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

Section 28–01–24, N.D.C.C., provides:

"*28–01–24. Limitations on claims for relief fraudulently concealed.* —When, by fraud or fraudulent concealment, a party against whom a cause of action exists prevents the person in whose favor such cause of action exists from obtaining knowledge thereof, the latter may commence an action within one year from the time the cause of action is discovered by him or might have been discovered by him in the exercise of diligence...."

Runck asserts that they are in "conflict" because:

"... each identifies a different time limit within which fraud actions, which have been tolled, must be brought after a fraud cause of action is discovered."

Runck relies on *Morton County v. Tavis,* 66 N.W.2d 201 (N.D.1954), for the proposition that § 28–01–16, N.D.C.C., is a "general" provision; asserts that § 28–01–24, N.D.C.C., is a "special" provision; and argues that § 28–01–24 must prevail over § 28–01–16, pursuant to § 1–02–07, N.D. C.C. He relies on *Krueger v. St. Joseph's Hospital,* 305 N.W.2d 18 (N.D.1981), and *Linke v. Sorenson,* 276 F.2d 151 (8th Cir. 1960), in asserting that § 28–01–24, N.D. C.C., has a superimposing effect upon § 28–01–16(6), N.D.C.C.

The statute relied upon in each of the cited cases was construed in such a manner as to extend the time within which the aggrieved party could bring suit upon a cause of action otherwise barred by the passage of time. This is consistent with other decisions in which we have held that where there is doubt as to which of two limitations statutes is applicable, the longer

term applies. *See Sprecher v. Magstadt,* 213 N.W.2d 881 (N.D.1973); *Adams v. Little Missouri Minerals Association,* 143 N.W.2d 659 (N.D.1966).

■ In our view, there is no irreconcilable conflict between §§ 28–01–24 and 28–01–16, N.D.C.C. Section 28–01–24, N.D. C.C., is designed to extend the period of time within which an action, otherwise barred by the passage of time because of a statute of limitation, may be brought when one, by fraud or fraudulent concealment, has prevented another from obtaining knowledge of the existence of a cause of action. Section 28–01–24, N.D.C.C., is applicable only when an action is otherwise barred by the passage of time.

■ Unlike the other actions listed in § 28–01–16, N.D.C.C., a cause of action on the ground of fraud does not accrue until the aggrieved party discovers the facts constituting the fraud. There is no limitation upon the time for discovery of the cause of action. A fraud action is not barred by the passage of time until six years after discovery of the facts constituting the fraud. Because § 28–01–24, N.D. C.C., is only applicable when an action is otherwise barred by the passage of time, it is inapplicable in an action for relief on the ground of fraud.

■ Runck next argues that even if § 28–01–16(6), N.D.C.C., is applicable, the action is barred because the insurance companies "failed to commence their action within six years of the date they could have with due diligence discovered their cause of action."

The fire occurred on December 18, 1971. The insurance companies commenced this action in 1980. The trial court found that the insurance adjuster employed by the insurance companies "conducted a reasonable investigation of the fire but was unable to determine its cause or to discover Runck's involvement in setting it." The trial court also found that the "insurance companies did not learn of the fraud perpetrated on them by Runck until late 1977 or early 1978." The trial court also deter-

mined that the insurance companies "did not discover and could not reasonably have discovered the fraud until late 1977 or early 1978."

Upon review of the record, we have not been left with a definite and firm conviction that a mistake has been made with regard to the reasonableness of the adjuster's investigation, his inability to determine the cause of the fire or to discover Runck's involvement in setting it, or the time when the companies learned of the fraud. Those findings of fact are, therefore, not clearly erroneous. We are also unable to conclude from our review of the record and the arguments of counsel that the trial court erred in determining that the companies "did not discover and could not reasonably have discovered the fraud until late 1977 or early 1978." The trial court did not err in determining that the insurance companies' action was not barred by either § 28–01–16, N.D.C.C., or § 28–01–24, N.D.C.C.

Runck next argues that the insurance companies failed to meet their burden of proof because they failed to prove that they relied upon the statements provided by Runck in reaching their decision to pay insurance proceeds.

■ "[F]raud must be proved by evidence that is clear, satisfactory, and convincing." *Verry v. Murphy*, 163 N.W.2d 721, 731 (N.D.1968). A plaintiff in a fraud action must show that he relied on the alleged false representations. *Buehner v. Hoeven*, 228 N.W.2d 893 (N.D.1975); *Leach v. Kelsch*, 106 N.W.2d 358 (N.D.1960).

Runck relies on certain testimony of Peter John Scott, the insurance adjuster engaged by the insurance companies, as establishing that the insurance companies did not rely on statements made by Runck. The following colloquy took place in the cross-examination of Scott by counsel for Runck:

"Q So you weren't relying on the statements in his [Runck's] statement in deciding what the source of the fire was, were you?

"A No. Although he did give me his best guess or what I took to be his best guess when he spoke of the trac-

tor being driven in, the propane tractor being driven in.

"Q And after you investigated it, the man from the bureau investigated it, it was your conclusion that it probably came from that propane tractor, wasn't it?

"A Well, we couldn't tell one way or the other really."

In our view, that testimony establishes only that Scott did not rely on Runck's statements in making his determination of the cause of the fire. Scott was unable to determine any cause of the fire. The testimony does not establish a lack of reliance by the insurance companies on any statements made by Runck in deciding to pay insurance proceeds to him.

The proof of loss submitted by Runck contained the following statement:

"THE LOSS to the best of my knowledge and belief was caused by fire of unknown origin and the loss did not occur nor was caused through any wilful act or neglect or the procurement, means or connivance of the Insured."

Of similar statements in a proof of loss before it, the court in *Hanover Fire Ins. Co. v. Furkas*, 267 Mich. 14, 255 N.W. 381, 384 (1934), said: "On these statements in the proof of loss the plaintiff had a right to rely, and in making the settlement it will be assumed that it did rely thereon."

■ The fact that, in paying the insurance proceeds, the companies may also have relied on an independent investigation or consultation with others does not necessarily show a lack of reliance on Runck's statements.

" 'In actions for fraud it is not required that a defendant's representations be the sole cause of the damage. If they are a substantial factor in inducing the plaintiff to act, even though he also relies in part upon the advice of others, reliance is sufficiently shown.' "

*Perkins v. Ketchum*, 211 Cal.App.2d 245, 27 Cal.Rptr. 278, 280 (1962), *quoting Wennerholm v. Stanford University School of Medicine*, 20 Cal.2d 713, 717, 128 P.2d 522,

524 (1942). Payment of the insurance proceeds upon Runck's proof of loss and the investigator's inability to determine the cause of the fire, sufficiently shows reliance. The trial court's finding of reasonable reliance is not clearly erroneous. Runck has not challenged any of the other findings of fact relating to the establishment of the claim of fraud, and the record contains substantial evidence which, if believed, establishes fraud by "evidence that is clear, satisfactory, and convincing." *Verry v. Murphy, supra.*

Runck asserts that the trial court erred in admitting evidence of fires other than the Starbuck fire. We said in *Schuh v. Allery,* 210 N.W.2d 96, 100 (N.D.1973):

> "We agree with the statement of the Eighth Circuit Court of Appeals in *Builders Steel Co. v. Commissioner of Internal Rev.,* 179 F.2d 377, 379 [8th Cir.1950]:
>
> " 'In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.' "

Even if the evidence received as to other fires was incompetent, which we do not decide, all of the competent evidence is not insufficient to support the judgment and it does not affirmatively appear that the evidence as to other fires induced the trial court to make an essential finding which would not otherwise have been made. We find no reversible error.

Runck asserts that the trial court erred in refusing to rule that an adverse inference could not be drawn from the fact that Runck refused to testify on Fifth Amendment grounds. Rule 512(a), N.D.R.Ev., provides:

> "(A) *Comment or Inference Not Permitted.* The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by court or counsel. No inference may be drawn therefrom."

The record does not indicate that the trial court drew an adverse inference from Runck's refusal to testify. Runck acknowledges that it is unclear from the record whether the trial court ruled on this issue. The record does not indicate that the trial court was requested to rule on the issue. An issue not raised in the trial court cannot be raised for the first time on appeal. *Moran v. Moran,* 200 N.W.2d 263 (N.D.1972). Absent any indication in the record that he did so, we will not assume that the trial judge drew an impermissible inference from Runck's exercise of his Fifth Amendment privilege not to testify.

Runck asserts that the trial court erred in holding him in contempt and striking his answer because he refused, on Fifth Amendment grounds, to answer questions at trial; and that the trial court erred in entering a default judgment against him because he refused, on Fifth Amendment grounds, to answer interrogatories.

As we have already stated, the judgment against Runck was based on three conclusions of law setting forth alternative grounds for the judgment: (1) the companies established fraud by clear and convincing evidence; (2) the companies were entitled to entry of a default judgment because of Runck's refusal to answer interrogatories; and (3) the defenses and allegations made in Runck's answer were stricken and the allegations in the complaint were admitted because of Runck's refusal to answer questions posed to him at trial.

Because we have concluded that fraud was established by clear and convincing evidence and judgment was properly entered against Runck on that ground, we need not determine if the trial court erred with regard to Runck's claim of privilege under the Fifth Amendment.

The judgment is affirmed.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, Justice, disqualified.