PEOPLE v. WEXNER.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.

  A plea of guilty may be withdrawn at any time before sentence.

2. SAME—LARCENY—CHANGE OF PLEA—ISSUE OF FACT.

  In prosecution for grand larceny where defendants first pleaded not guilty and upon appearance in court pleas of guilty were entered, denial of subsequent petition for leave to change pleas to not guilty because no opportunity had been afforded to confer with attorney before entry of pleas of guilty, and defendants were not informed that they were being taken into court to enter such pleas *held*, error, where on subsequent petition defendants insist they were innocent of charges preferred, thus presenting an issue of fact open to proof upon a trial.

Appeal from Berrien; Evans (Fremont), J. Submitted June 17, 1937. (Docket No. 118, Calendar No. 39,464.) Decided June 29, 1937.

Meyer Wexner and Fay Wexner were convicted of larceny. Reversed and remanded to allow withdrawal of pleas of guilty and for trial.

*Walter C. Wellman,* for defendants.

*Raymond W. Starr,* Attorney General, *Edward A. Westin,* Prosecuting Attorney, and *Robert P. Small,* Assistant Prosecuting Attorney, for the people.

CHANDLER, J. Defendants were arrested in Berrien county on the 24th of November last on the charge of larceny of property of the value of more than $50. An examination was held before a magistrate, and each was held for trial in the circuit court. Informations were filed, and on November 30, 1936, an entry was made on the journal of the circuit court for said county of Berrien to the effect that the defendants were arraigned, waived the reading of the information and pleaded guilty to the information filed against them. They were accompanied by their attorney who waived the reading of the information, withdrew their plea of not guilty and entered a plea of guilty on their behalf.

On December 4, 1936, a petition to withdraw the pleas of guilty was filed by each of the defendants for the following reasons: 1, that the defendants did not have an opportunity to confer with the attorney who entered the pleas of guilty; 2, that the defendants were not informed that they were being taken to court to enter a plea of guilty, and they did not understand that the attorney was to make this plea in their behalf. The court, upon hearing on the petition for leave to change the pleas to not guilty, denied the request, passed sentence upon the defendants, who now prosecute review, claiming an abuse of discretion.

We have given the showing and counter-showing, as disclosed in the record, careful consideration and are of the opinion that defendants should have leave to withdraw their plea of guilty and enter a plea of not guilty and have a trial by jury if desired. Both defendants upon the hearing on the motion for leave to withdraw their plea of guilty insisted that they were innocent of the charges preferred against them and thus presented an issue of fact open to proof upon a trial.

A question identical to the one here involved was before this court very recently in the case of *People* v. *Piechowiak,* 278 Mich. 550. We quote from the opinion of Justice Wiest:

"We have given the showing and counter-showing consideration and entertain the opinion that defendant should have leave to withdraw the plea of guilty. A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examination has been waived and, therefore, no informative court-recorded evidence is available. The plea admitted guilt but the affidavit in support of the denied motion averred innocence and the issue of fact should be open to proofs upon a trial."

The sentences are vacated and the cases remanded to the circuit court with direction to permit defendants to withdraw their plea of guilty and plead not guilty and have trial.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.