PEOPLE v. STONE.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.
    A plea of guilty may be withdrawn at any time before sentence.

2. INDICTMENT AND INFORMATION—AMENDMENT—INDECENT LIBERTIES WITH FEMALE CHILDREN.
    Information charging that defendant, a male person over the age of 16 years, did assault and take indecent and improper liberties with a female child under the age of 16 years without

committing or intending to commit the crime of rape upon said child *held,* sufficient to state an offense under statute relating to indecent liberties with female children notwithstanding omission of name of child and the words ''the person of'' referring to the child, since the defects may be cured by amendment (3 Comp. Laws 1929, § 17290; Act No. 328, § 336, Pub. Acts 1931).

3. SAME—NAME OF PERSON ASSAULTED SHOULD BE STATED IN INFORMATION.

The name of the female person upon whom the offense of assaulting and taking indecent and improper liberties is alleged to have been committed should be stated in an information in order that the defendant may make proper preparation of his defense and where information omits such name it should be amended so as to include it (Act No. 328, § 336, Pub. Acts 1931).

4. CRIMINAL LAW—DEFECTIVE INFORMATION—INDECENT LIBERTIES.

In prosecution of man over the age of 16 years for assaulting and taking indecent and improper liberties with a female child under the age of 16 years without committing or attempting to commit the crime of rape upon her where defendant was represented by an attorney for over three months before raising a question as to the sufficiency of the information during which time he had waived examination, stood mute on arraignment, withdrew plea of not guilty thereupon entered, pleaded guilty and finally moved to set aside latter plea, he was not harmed by omission in information of the girl's name or the words ''the person of'' with reference to the child (Act No. 328, § 336, Pub. Acts 1931).

Appeal from Macomb; Reid (Neil E.), J. Submitted April 11, 1940. (Docket No. 114, Calendar No. 40,554.) Decided June 3, 1940.

Morris Stone was charged with taking indecent and improper liberties with a female child under the age of 16 years. From an order denying motion to set aside plea of guilty and enter one of not guilty, defendant appeals. Reversed, sentence vacated to permit defendant to change plea, and trial ordered.

*Christian F. Matthews,* for appellant.

*Thomas Read,* Attorney General, and *Ivan A. Johnston,* Prosecuting Attorney, for the people.

CHANDLER, J.   On August 5, 1938, defendant, Morris Stone, was arrested upon a warrant charging him with taking indecent and improper liberties with a female child under the age of 16 years, without committing or intending to commit the crime of rape upon said child.   Examination was waived, and on August 16, 1938, he was arraigned in circuit court, at which time he stood mute and a plea of not guilty was entered.   On September 20, 1938, he appeared in court with his attorney and changed his plea to guilty. On October 15, 1938, before sentence, a motion to set aside the plea of guilty was filed, which motion was supported by several affidavits. Defendant's affidavit stated that in entering the plea of guilty he relied entirely on the advice of his attorney, and that he was completely ignorant of any of the facts stated in the information, and that at the time of the offense charged in the information he was suffering from a spell of amnesia.   The statement that a condition of amnesia existed is supported by the affidavit of defendant's physician.   The affidavit of the attorney who represented defendant at that time stated that defendant had always insisted that he knew nothing of the facts and circumstances charged in the information, and that his mind was a blank as to what occurred on the occasion referred to therein.   It appears that the attorney advised defendant to plead guilty because he felt that even though a trial would result in acquittal, defendant would be committed to an institution for the criminally insane, and also because of the expense involved in properly presenting

a defense. The motion was argued and testimony taken before the court from time to time.

On November 15, 1938, defendant filed a motion to dismiss on the ground that the information was defective.

On April 8, 1939, the court denied both motions and sentenced him to serve 60 days in the county jail and placed him on probation for five years. From the order denying the motions and from the sentence imposed, defendant appeals.

The two questions to be decided are, should the plea of guilty have been set aside, and was the information defective?

The first question has been ruled upon by this court on two occasions recently, and it is now the settled rule in this State that a plea of guilty may be withdrawn at any time before sentence. In *People* v. *Piechowiak,* 278 Mich. 550, we said:

"A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examination has been waived and, therefore, no informative court-recorded evidence is available. The plea admitted guilt but the affidavit in support of the denied motion averred innocence and the issue of fact should be open to proofs upon a trial."

This rule was followed in *People* v. *Wexner,* 280 Mich. 696, and recognized as the law in *People* v. *Street,* 288 Mich. 406. Defendant should have been permitted to withdraw his plea of guilty and to enter a plea of not guilty and have trial by jury if desired.

The information is attacked as being defective because it fails to name the person upon whom the offense is charged to have been committed, and be-

cause it omits the words "the person of" as they are found in Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-336, Stat. Ann. § 28.568). The information reads as follows:

"Morris Stone being a male person over the age of 16 years, did assault and take indecent and improper liberties with a female child under the age of 16 years, without committing or intending to commit the crime of rape upon said child."

The statute referred to provides in part:

"Any male person or persons over the age of sixteen years, who shall assault a female child under the age of sixteen years, and shall take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, shall be guilty, et cetera."

The information was sufficient to state an offense under the statute and the defects claimed to exist can be cured by proper amendment. It is true that the name of the person upon whom the offense is alleged to have been committed should be stated in the information. 31 C. J. p. 727, § 272. It is necessary to enable the defendant properly to prepare his defense that he know the name of the person he is charged with offending. In the instant case, however, defendant cannot claim he was harmed by the omission. He was represented by an attorney for a period of three months before any question was raised as to the sufficiency of the information. During this time, he had waived examination, stood mute on arraignment and a plea of not guilty was entered, which he subsequently withdrew and entered a plea of guilty, finally making a motion to set aside the latter plea. After all this had transpired, he objected to the information.

Although there are insufficient grounds on which to quash the information, the trial court should have amended it in view of the provisions of 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016), and the decisions of this court permitting amendments in order to include the names of parties involved. See *People* v. *Griffin,* 219 Mich. 617; *People* v. *Fishel,* 270 Mich. 82.

The sentence is vacated and the case remanded to the circuit court to permit amendment of the information and to permit defendant to withdraw the plea of guilty, plead not guilty and have a trial.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.