## PEOPLE *v.* SEVERN.

1. CRIMINAL LAW—CHANGE OF PLEA—SENTENCE.
   An accused should not be permitted to speculate upon his sentence and then change his plea after such sentence.

2. SAME—NEW TRIAL—CHANGE OF PLEA AFTER SENTENCE.
   Motion for new trial because plea of guilty was alleged to have resulted from being fraudulently misled by sheriff upon promise of being put on probation, made after sentence of confinement in prison *held,* properly denied under record showing plea of guilty was freely and voluntarily made, and not fraudulently induced.

Appeal from Midland; Hart (Ray), J. Submitted October 16, 1942. (Docket No. 100, Calendar No. 41,799). Decided November 24, 1942.

Lloyd Severn was convicted of uttering and publishing a forged order for payment of money. Affirmed.

*Riley L. Crane,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Walter B. Brown,* Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Lloyd Severn was charged with uttering and publishing a false and forged order for the payment of money. He waived examination before a justice of the peace and was brought before the circuit court of Midland county

on January 7, 1941, where without counsel he pleaded guilty to the charge.

The trial judge required that the information be read to Severn and explained the nature of the charge, questioned him regarding the circumstances, and then interviewed him privately in the court's chambers. Being satisfied that the plea of guilty was free and voluntary, the court referred the matter to the probation officer. Severn was brought before the court on January 16th and again examined at length. After this examination, the accused was sentenced to confinement in the State prison.

On February 5, 1941, a motion for new trial was filed on the grounds that Severn was not guilty of the charge; that he did not freely and knowingly waive his right to an examination; that he was fraudulently misled by the sheriff of Midland county into pleading guilty upon the promise of being put on probation; and that his plea was entered without the benefit of legal advice. The allegations of the motion were supported only by the affidavit of defendant's counsel and were denied by the affidavits of the sheriff and another party.

The motion was heard by the trial judge on February 8th, the testimony of the sheriff was taken and, after argument by counsel, the motion was denied.

Appellant claims that he has been unlawfully deprived of his right to trial by jury.

We have on occasions overruled the denial of requests for leave to withdraw pleas of guilty before sentence, and said in *People* v. *Piechowiak,* 278 Mich. 550:

"A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examina-

tion has been waived and, therefore, no informative court-recorded evidence is available.''

This holding was followed in *People* v. *Wexner,* 280 Mich. 696, and *People* v. *Stone,* 293 Mich. 658.

However, attention is directed to the fact that such procedure is confined to the withdrawal of a plea of guilty before sentence. An accused should not be permitted to speculate upon his sentence and then change his plea after such sentence.

After an examination of the record, we are convinced, as was the trial judge, that the defendant's plea was not induced by any false representations and that it was freely and voluntarily made. The record also shows that appellant understood both the questions and answers, and the conclusion is inescapable that the defendant made a truthful confession of guilt. There has been no miscarriage of justice in this case and the motion for new trial was properly denied. *People* v. *Kobrzycki,* 242 Mich. 44.

The judgment is affirmed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.