PEOPLE v. VASQUEZ.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—SENTENCE.
   A defendant in a criminal case may withdraw a plea of guilty at any time before sentence has been imposed.

2. SAME—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.
   After imposition of sentence for crime the withdrawal of a plea of guilty rests in the sound discretion of the court.

3. SAME—WITHDRAWAL OF PLEA OF GUILTY—SENTENCE.
   That a defendant, charged with crime, who knows his rights and the consequences of pleading guilty, receives a severer sentence than he had expected presents no ground for exercise of trial judge's discretion to permit the withdrawal of plea of guilty and enter plea of not guilty.

4. SAME—NEW TRIAL—DISCRETION OF COURT.
   Motion for new trial because defendant was not guilty, did not have a preliminary examination, did not understand her rights, and received an excessive sentence was properly denied, where defendant who had been charged with forgery, had waived examination, and, without counsel, pleaded guilty, was first questioned by court and then interviewed by him privately in his chambers, and thereafter her plea was accepted and followed by sentence, as it was not an abuse of discretion by trial court, who heard testimony of sheriff whom defendant claims advised her to waive examination and plead guilty.

Appeal from Midland; Hart (Ray), J. Submitted October 16, 1942. (Docket No. 101, Calendar No. 41,800.) Decided November 24, 1942.

Vivien Vasquez was convicted of forging an order for the payment of money. Affirmed.

*Riley L. Crane,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Walter B. Brown,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant, Vivien Vasquez, was charged and sentenced for falsely and feloniously forging an order for the payment of money with intent to injure and defraud. She waived examination before a justice of the peace and was brought before the circuit court of Midland county on January 2, 1941, where without counsel she pleaded guilty to the charge laid in the information. At that time, the trial court questioned defendant as to whether she understood the charge against her and explained the pleas she could make. He then interviewed defendant privately in his chambers.

In open court the trial court said:

"Mrs. Vasquez having plead guilty to the charge made against her in this court, after talking with her privately the court is satisfied she plead guilty of her own free will and without any inducement used to prevail upon her to plead guilty. The court will accept her plea and the matter will be referred to the bureau of probation, Mr. Nicholson, for report upon the matter."

Defendant was brought before the court on January 14, 1941, and questioned at length as to her part in the crime that had been committed.

After sentence and on January 22, 1941, a motion to withdraw the plea, vacate the sentence, and for a new trial was filed on the ground that defendant was not guilty of the charge; that she did not have a preliminary examination; that she did not understand her legal rights; and that the sentence im-

posed was excessive. An affidavit was filed in support of the motion by defendant in which she said:

"When I was arrested by Sheriff Smith of Midland he told me the best thing for me to do was to waive examination and plead guilty and I did so on his advice as he told me my punishment would be placed on probation and not anything more."

The prosecutor filed an answer supported by affidavits in opposition to the motion. The motion was heard by the trial court on February 8, 1941; the testimony of the sheriff, who denied that he had made any promises to the defendant, was taken; and the trial court denied defendant's motion. Defendant appeals.

We are committed to the doctrine that a defendant may withdraw his plea of guilty at any time before sentence has been imposed. *People* v. *Piechowiak,* 278 Mich. 550; *People* v. *Wexner,* 280 Mich. 696; *People* v. *Stone,* 293 Mich. 658. But we have always adhered to the rule that after sentence has been imposed, the withdrawal of a plea of guilty rests in the sound discretion of the court. *People* v. *Williams,* 225 Mich. 133; *People* v. *Kobrzycki,* 242 Mich. 44; *People* v. *Skropski,* 292 Mich. 461.

We think the language in *People* v. *Miller,* 114 Cal. 10 (45 Pac. 986), quoted with approval by this court in *People* v. *Goldman,* 245 Mich. 578, 583, is applicable here:

"Appellant's contention is that the court abused its discretion in not allowing him to withdraw his plea, interpose a plea of not guilty for the second time, and go before a jury for trial. Before judgment, the court may, at any time, permit this to be done (Pen. Code, § 1018), and the discretion thus vested is one to be liberally exercised. The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his

life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it. But the mere fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel to hope or believe, that he would receive a shorter sentence or a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by jury, presents no ground for the exercise of this liberal discretion.''

The record clearly shows that defendant's plea was voluntarily made. There was no abuse of discretion by the trial court in denying defendant's motion. The judgment is affirmed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.