## PEOPLE *v.* SHEPPARD.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.
   A defendant in a criminal case may withdraw his plea of guilty at anytime before sentence is imposed.

2. SAME—MOTION TO WITHDRAW PLEA OF GUILTY BEFORE SENTENCE —DELAY—GOOD FAITH.
   Where motion to set aside plea of guilty on ground that information was so indefinite that it did not inform defendants of what crime they were charged, that it sets up several offenses, if any, that there was no evidence before the examining magistrate to show probable cause and that the conviction was contrary to due process of law and there is nothing in the record to indicate that the motion was made in bad faith or solely for the purpose of delay, it was error to deny such motion.

3. SAME—REMAND FOR TRIAL—CONTINUANCE OF BAIL.
   Where reversal is had because of error in denying motion to withdraw plea of guilty, made before sentence, bail pending appeal is ordered to stand for appellants' appearance in circuit court where case is remanded for trial or for further proceedings, otherwise defendants will be remanded to custody of sheriff.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 16, 1947. (Docket No. 81, Calendar No. 43,104.) Decided April 8, 1947.

Connor Sheppard, William Carter, Basil Burke and Wilbur Raybon were convicted of conspiracy to

(665)

operate and maintain a gambling business. Reversed and remanded.

*Edward N. Barnard (Clarence Smith,* of counsel), for appellants.

*Eugene F. Black,* Attorney General, *Donald C. Noggle,* Prosecuting Attorney, and *Lewis R. Bebout,* Assistant Prosecuting Attorney, for the people.

BOYLES, J. These defendants pleaded guilty in the circuit court for Oakland county to an information charging them with conspiracy to operate and maintain a gambling business. Before sentence they filed a motion to set aside their pleas of guilty and for a trial. The motion was denied and sentences imposed. The only question for review is whether the court erred in denying the motion.

The circuit court obtained jurisdiction of the case May 19, 1944, at which time the justice's return was filed, information filed, defendants were arraigned and stood mute, and pleas of not guilty were entered by the court. Thereafter, a motion to quash the information and to remand for further examination was filed as to appellants and other defendants, five of the other defendants were discharged, and ultimately the case was called for trial January 9, 1945. The then counsel for these appellants asked the court to continue the case until the next day to allow them to change their pleas, and on January 10th appellants pleaded guilty to the charge. The court thereupon continued their case to January 29th for reference to the probation department and for sentence. On January 22d a consent to substitution of attorneys was filed and on January 23d the substituting counsel who now represents defendants on this appeal filed a motion to allow appel-

lants to withdraw their pleas of guilty for certain reasons alleged therein, and to grant appellants a trial. This motion was heard by the court January 26th, at which time the circuit judge announced that he would sign an order that the defendants might withdraw their pleas. However, before such an order had been signed, and on February 13th, the court again heard arguments on the motion and announced from the bench that the motion was denied. Thereupon the prosecuting attorney moved for sentence and the court forthwith imposed sentences ranging from $250 costs and 60 days in the county jail with three years' probation for Carter, to confinement in State prison for 1 to 5 years for defendants Sheppard and Burke. Appellants seek reversal of the order denying their motion for leave to withdraw their pleas of guilty.

It has been repeatedly held by this Court that a defendant in a criminal case may withdraw his plea of guilty at any time before sentence is imposed.

"We have no question that at any time before sentence the plea of guilty may be changed by the court to one of not guilty." *People* v. *Utter,* 209 Mich. 214, 224.

"A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence." *People* v. *Piechowiak,* 278 Mich. 550, 552.

"A plea of guilty may be withdrawn at any time before sentence." *People* v. *Wexner* (syllabus), 280 Mich. 696.

"The first question has been ruled upon by this court on two occasions recently, and it is now the settled rule in this State that a plea of guilty may be withdrawn at any time before sentence." *People* v. *Stone,* 293 Mich. 658, 661.

"We are committed to the doctrine that a defendant may withdraw his plea of guilty at any time before sentence has been imposed." *People* v. *Vasquez,* 303 Mich. 340, 342.

The court was in error in denying the motion.

Appellants' motion to set aside their pleas of guilty relied on the following reasons why it should be granted: That they were not in fact guilty of .any crime, that the information was so indefinite that it did not inform them of what crime they were charged, that it sets up several offenses if any, that there was no evidence before the examining magistrate to show probable cause, and that the conviction was contrary to due process of law. There is nothing in the record to indicate that the motion was made in bad faith or solely for the purpose of delay. We do not here have a situation similar to *People* v. *Furkas,* 255 Mich. 533, where the Court found that under the peculiar circumstances of that case it would be a gross travesty of justice to permit the defendant to withdraw his plea. In *People* v. *Street,* 288 Mich. 406, the Court said (p. 408):

"No question is raised as to defendant's right to withdraw his plea of guilty prior to trial and to substitute one of not guilty. *People* v. *Pisoni,* 233 Mich. 462; *People* v. *Piechowiak,* 278 Mich. 550; *People* v. *Wexner,* 280 Mich. 696. The entry of the latter plea must be held, consequently, to have eradicated the former plea which thereupon stood for naught. *Kercheval* v. *United States,* 274 U. S. 220 (47 Sup. Ct. 582, 71 L. Ed. 1009)."

The order denying defendants' motion to withdraw their pleas of guilty is set aside and the case remanded for entry of an order granting the motion. The case will stand for trial or further proceedings in the circuit court on the pleas of not guilty hereto-

fore entered by the court. Bail pending appeal will stand for appellants' appearance in circuit court, otherwise defendants will be remanded to the custody of the sheriff of Oakland county.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. DETHMERS, J., did not sit.