## PEOPLE *v.* MACHUS.

1. HOMICIDE—DEGREE OF MURDER—STATUTES:

  The statute requiring the court to examine witnesses to determine the degree of the crime of murder when defendant pleads guilty to information charging murder is mandatory (3 Comp. Laws 1929, § 16710).

2. SAME—DEGREE OF MURDER—CONFESSION—SUBSEQUENT TESTIMONY—STATUTES.

  Fact that defendant who had pleaded guilty to charge of murder under information not specifying the degree of the crime, testified later in a subsequent examination of a codefendant as to the manner of perpetrating the crime does not cure the failure to comply with mandatory statute that upon confession the court should examine witnesses to determine the degree of the crime nor did such later testimony constitute an exception to the statute (3 Comp. Laws 1929, § 16710).

3. SAME—DEGREE OF MURDER—LIFE SENTENCE.

  Life sentence imposed upon defendant who pleaded guilty to murder under an information which failed to specify the degree of murder *held,* invalid, where court failed to examine witnesses to determine the degree of the crime (3 Comp. Laws 1929, § 16710).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 26 Am. Jur., Homicide, §§ 97, 503.

[1–3] Validity of statute providing that where prisoner is convicted of murder by his own confession in open court, the trial court may determine by examining witnesses the degree of the crime. 36 L. Ed. 986.

[1–4] Pleas of non vult contendere or guilty in capital case. 6 A.L.R. 694.

[4] 26 Am. Jur., Homicide, § 100.

4. SAME—DEGREE OF MURDER—SENTENCE—WITHDRAWAL OF PLEA OF
GUILTY.

Leave to withdraw plea of guilty to charge of murder under in-
formation failing to specify degree of crime was improperly
denied to defendant even though motion therefor was made
after imposition of an invalid sentence (3 Comp. Laws 1929,
§ 16710).

Appeal from Recorder's Court for the City of De-
troit; Krause (Paul E.), J. Submitted April 15,
1948. (Docket No. 80, Calendar No. 43,887.) De-
cided May 18, 1948.

Anthony Machus was convicted of murder. Re-
versed and remanded for entry of order granting
motion to withdraw plea of guilty and for further
proceedings.

*George A. Beauchamp,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *James N. McNally,*
Prosecuting Attorney, and *Robert Newton Smiley*
and *Herbert Burdick,* Assistant Prosecuting Attor-
neys, for the people.

BOYLES, J. On leave granted, the defendant ap-
peals from an order entered in the recorder's court
for Detroit denying a motion to set aside his sen-
tence and allow him to withdraw his plea of guilty
to the crime of murder.

The information on which the plea of guilty was
entered charges that the defendants "feloniously,
wilfully and of their malice aforethought, did kill
and murder one Casimir Kliszewski; contrary to the
form of the statute," et cetera. It does not specify
the degree of the murder, nor does it specify the
manner, method, means or circumstances attending
the alleged crime. The defendant on his plea of

guilty was sentenced to life imprisonment in State prison. No witnesses were sworn and no testimony was taken to determine the degree of the crime.

In *People* v. *Martin,* 316 Mich. 669, this Court has recently held that under the above circumstances the sentence is invalid. The statute* requiring the court to examine witnesses to determine the degree of the crime, under the above circumstances, is mandatory; and the fact that this defendant later in the subsequent examination of a codefendant testified to the manner and means whereby the crime was perpetrated does not constitute an exception to the requirement of the statute or cure the failure to comply with it.

Appellee refers to *People* v. *Grillo,* 319 Mich. 586, where the defendant, charged with murder, pleaded guilty to second-degree murder and was sentenced therefor. It was held that there was no necessity to examine witnesses to determine the degree of the crime. Obviously the circuit judge, having accepted the plea of guilty of second-degree murder, was under no compulsion to take testimony to show whether the defendant was guilty of first-degree murder; and it was held that manslaughter is not a degree of the crime of murder. The *Grillo Case* does not control here. In the case at bar the sentence is invalid and must be set aside.

Appellee relies on *People* v. *Furkas,* 255 Mich. 533, and claims that it would be "a gross travesty of justice" to permit the defendant to withdraw his plea of guilty. In that case the defendant, charged with arson, after making a written confession, pleaded guilty. Subsequently, on the trial of his accomplices, he testified along the line of his confession. Later, he made a written statement retracting such testimony, and at the same time, *before sentence,* moved

---

* 3 Comp. Laws 1929, § 16710.

to withdraw his plea of guilty. Under more recent decisions leave to withdraw his plea should have been granted. *People* v. *Piechowiak,* 278 Mich. 550; *People* v. *Wexner,* 280 Mich. 696; *People* v. *Street,* 288 Mich. 406; *People* v. *Stone,* 293 Mich. 658; *People* v. *Vasquez,* 303 Mich. 340.

An order may be entered setting aside the sentence, remanding the case to the recorder's court for entry of an order granting defendant's motion for leave to withdraw his plea of guilty, and for arraignment and further proceedings on the information filed.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.