## PEOPLE *v.* WILKINS.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY BEFORE SEN-
   TENCE.

   Plea of guilty may be withdrawn at any time before sentence.

2. SAME—WITHDRAWAL OF PLEA OF GUILTY AFTER SENTENCE—DIS-
   CRETION OF COURT.

   Withdrawal of a plea of guilty after sentence rests upon the
   sound discretion of the court.

3. SAME—WITHDRAWAL OF PLEA OF GUILTY—MOTION FOR NEW TRIAL
   —ABUSE OF DISCRETION—ACCEPTANCE OF PLEA.

   Denial of motion to withdraw a plea of guilty and for a new
   trial if the mandatory requirements of the statute and court
   rule are not observed in the acceptance of the plea of guilty
   would be an abuse of discretion (CL 1948, § 768.35; GCR 1963,
   785.3).

4. SAME—WITHDRAWAL OF PLEA OF GUILTY—CONTEXT IN TRANSCRIPT.
   Statement of defendant at sentencing that "I still think I'm in-
   nocent" was not regarded as a protestation of innocence or a
   qualification of the plea of guilty which would require the
   rejection of the plea, when the statement is read in context in
   the transcript.

5. SAME—NEW TRIAL—DISCRETION OF COURT.
   Record in prosecution for breaking and entering in the night-
   time in which defendant pleaded guilty, wherein trial court
   ascertained plea had been made voluntarily and sentenced de-
   fendant to 5 to 15 years in prison *held,* not to show that
   there was an abuse of discretion in denying subsequent motion
   for new trial (CL 1948, §§ 750.110, 768.35; GCR 1963, 785.3).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law §§ 503–506.
  Right to withdraw plea of guilty.  20 ALR 1445, 66 ALR 628.
  Withdrawal of plea of guilty and substitution of plea of not guilty
    after conviction.  146 ALR 1430.
[5] 39 Am Jur, New Trial §§ 201, 202.

Appeal from St. Joseph; Andrews (Mark H.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 691.) Decided April 26, 1966.

Wallace Wilkins plead guilty to breaking and entering in the nighttime. After sentence, defendant's motion to withdraw plea and be tried was denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. McManus,* Prosecuting Attorney, and *William H. Drake,* Assistant Prosecuting Attorney, for the people.

*Roy H. Hagerman,* for defendant.

T. G. KAVANAGH, J. The defendant was arrested on April 17, 1964, at 12:30 a. m. while attempting to break in the Colon Supermarket, Colon, Michigan. He was taken to the county jail where he was questioned about many break-ins which had occurred in the area, and at 2:35 a. m. on April 17th signed a statement in which he admitted 16 separate breaking and enterings including one at the Colon Supermarket on February 1, 1964.

On April 17, 1964, defendant was brought before a justice of the peace, charged with breaking and entering in the nighttime on February 1, 1964,[1] waived preliminary examination, and was bound over to April 19, 1964.

On April 20, 1964, at his request he was brought before the circuit judge where he stated that he wished to plead guilty. The court examined the defendant as to the voluntariness of the plea, ac-

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). See, currently, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

cepted it, and remanded the defendant to the custody of the sheriff pending sentence. On May 4, 1964, defendant was sentenced to prison for 5 to 15 years.

On September 21, 1964, counsel was appointed who later filed a motion to set aside the plea and have a trial. After hearing on the motion where the defendant was allowed to testify, the court denied the motion and an appeal from that order is before us.

The defendant's appeal is couched in terms of two questions:

1. Was defendant's plea of guilty to a February 1, 1964, crime voluntarily, understandingly and freely made?; and,

2. Was it a trial court's duty to reject defendant's plea of guilty when defendant appeared before the court for sentence and then and there protested his innocence of the crime to which he had pleaded guilty?

Both questions are treated in our consideration of the question: "Did the trial court abuse its discretion in denying the defendant's motion to withdraw his plea of guilty and his motion for a new trial?"

Before sentence is passed a defendant may withdraw a plea of guilty. *People* v. *Piechowiak* (1936), 278 Mich 550; *People* v. *Wexner* (1937), 280 Mich 696; *People* v. *Stone* (1940), 293 Mich 658.

After sentence the withdrawal of a plea rests within the sound discretion of the court. *People* v. *Williams* (1923), 225 Mich 133; *People* v. *Kobrzycki* (1928), 242 Mich 44; *People* v. *Skropski* (1940), 292 Mich 461; *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Kearns* (1965), 2 Mich App 60.

It is an abuse of discretion for a trial court to deny a motion to withdraw a plea of guilty and deny a new trial if the mandatory requirements of the

statute[2] and court rule are not observed in the acceptance of the plea. *People* v. *Barrows* (1959), 358 Mich 267.

We believe it would be difficult to show a more thorough or careful compliance with the requirements of the court rule[3] than the transcript of the testimony at the time of plea discloses here. Because it is necessarily in great detail we decline to reproduce it in full but synopsize it as follows:

The court asked if the defendant had received a copy of the charge which had just been read to him, and when the defendant replied affirmatively, asked if he understood it. Upon the defendant's assurance that he did, the court explained that it was a felony carrying a 15-year maximum penalty, his right to a jury trial, his right to counsel at no expense to himself, to remain silent or to plead guilty or not guilty. When the defendant stated that he understood what his rights were and that he wished to plead guilty, the court again asked if he understood the nature of the accusation and the consequences of the plea, reminding him that the court would have to impose sentence and that it could be a prison sentence up to 15 years. The defendant reiterated his understanding.

Turning then to the voluntariness of the plea, the court inquired if promises induced the plea, if there was any undue influence of any kind, or if suggestion had been made that it would be easier for the defendant if he pleaded guilty or harder if he didn't. The defendant responded to each inquiry denying promises, threats, or suggestions and told the court that he wanted to get it off his chest because he knew it was wrong and that he wanted to be sentenced and get it over with. He said the officers had been

2 CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).—REPORTER.
3 GCR 1963, 785.3.

wonderful to him and that there wasn't any necessity for an attorney to represent him.

When the court asked the defendant to tell what had happened, he gave a step-by-step account clearly indicating each element of the crime to which he was pleading guilty. Then again asked if he were asking the court to accept his plea, the defendant said he was, and he expressly waived his right to be represented by an attorney. Whereupon the court accepted the plea.

After the plea had been accepted and the pre-sentence investigation report had been made, the defendant was brought before the court for sentence. A transcript of that proceeding shows that the court again interrogated the defendant and elicited re-affirmation that the plea was freely and knowingly made, and that his constitutional rights were knowingly waived. Thereupon the court sentenced the defendant to a minimum of 5 years and a maximum of 15 years in prison.

When counsel was appointed approximately 4 months later, he moved to vacate the plea and for a new trial alleging the defendant's claims that:

1. At the time the defendant was arrested he was under the influence of narcotics.

2. That at the county jail and prior to interrogation he asked to call his father so that legal counsel could be obtained. Such alleged request he claims was denied.

3. That the police intimidated him.

4. That the police promised leniency for cooperation.

5. That he did not realize what he was signing due to his condition and the long interrogation. (Claims it lasted until just before breakfast.)

6. That he did not realize he was pleading guilty to the crime of breaking and entering on February 1, 1964, but thought that he was pleading to the

attempted breaking and entering for which he was arrested. This he submits is proven because of his statement on page 6 of the sentencing proceedings when he states, "I still think I'm innocent though."

A full hearing was had on the motion and the 112-page transcript of the testimony at that hearing discloses a careful investigation into each of the matters alleged. The arresting officers testified and so did the defendant. At the conclusion of the hearing the court determined that the more credible testimony established there had been no intimidation or threats or promises inducing the statement or the plea; that there was sufficient evidence from his statements and demeanor to indicate the defendant freely and understandingly pleaded guilty to the charge.

The defendant asserts that the court should have rejected the plea because after the plea was accepted and the defendant returned for sentence, during a colloquy with the court the defendant made the statement, "I still think I'm innocent, though."

The following is transcript of the pertinent part of the colloquy:

"*The Court:* Do you have anything to say why the judgment of the court should not now be pronounced upon you?

"*Defendant:* No, I don't.

"*The Court:* If I understand the circumstances correctly, you broke into this market over in Colon on the first of February?

"*Defendant:* Yes, sir.

"*The Court:* And, then you were taken into custody on the 17th of April—

"*Defendant:* Yes.

"*The Court:* — within the same location?

"*Defendant:* Yes, sir.

*"The Court:* Do I understand that you went back to the same spot?

*"Defendant:* That's right.

*"The Court:* Two months and a half later—

*"Defendant:* Yes, sir.

*"The Court:* — intending to do it again?

*"Defendant:* Yes.

*"The Court:* It was such an easy market that you thought you would do it again?

*"Defendant:* I thought it was but, I guess it wasn't actually. It's—I don't know—it didn't pay off, I know that.

*"The Court:* Pardon?

*"Defendant:* It didn't pay off, I know that.

*"The Court:* It didn't pay off because you got caught. $341.63, so the man says here; is that right?

*"Defendant: I still think I'm innocent though.*

*"The Court:* That may be.

*"Defendant:* In other words, it doesn't pay.

*"The Court:* A little late to come to that conclusion?

*"Defendant:* I know that." (Emphasis supplied.)

It is obvious from the context that at the time the statement was made it was not regarded as a protestation of innocence or a "qualification" of the plea of guilty as in *People* v. *Merhige* (1920), 212 Mich 601, which would require the rejection of the plea.

So too the court's reconsideration of it on the motion for new trial indicates that he weighed that statement against the unqualified admission of guilt at the offer and acceptance of the plea and at the sentencing and concluded that the defendant knowingly and freely pleaded guilty without qualification.

We are not persuaded otherwise from an examination of the statement in context.

The complete record shows, in our view, meticulous attention to the rights of the accused and full

performance of the duties of his office by the trial judge, the prosecutor and the defendant's counsel.

We find no abuse of discretion and accordingly the judgment is affirmed.

FITZGERALD, P. J., and HOLBROOK, J., concurred.