PEOPLE *v.* HOLLMAN.

OPINION OF THE COURT.

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   The courts of this state have generally been sympathetic to crim-
   inal defendants who wish to withdraw their plea of guilty at
   any time before sentence, in order to protect the substantial
   constitutional rights of the defendants.

2. SAME—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   Permission to withdraw a plea of guilty to charge of crime must
   be liberally granted where sentence has not been pronounced,
   where no trial has commenced and where the record shows cir-
   cumstances that cast grave suspicion upon the veracity and
   voluntariness of the guilty plea.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 504–506.
[4] 21 Am Jur 2d, Criminal Law § 219.
[5] 21 Am Jur 2d, Criminal Law § 485.
[6, 7] 21 Am Jur 2d, Criminal Law §§ 504, 505.
[8] 21 Am Jur 2d, Criminal Law §§ 495, 504.

3. SAME—WITHDRAWING GUILTY PLEA—ABUSE OF DISCRETION.

Trial court's denial of motion by defendant to withdraw plea of guilty to crime of keeping and occupying a building for gambling purposes before sentence was pronounced *held*, an abuse of discretion where defendant had originally been charged, together with his wife, with conspiracy to promote a lottery, pleaded guilty to lesser charge, and prosecution against his wife was dismissed, and in motion defendant claimed that he was innocent but that his wife was too ill to stand trial (CL 1948, §§ 750.302, 750.372, 750.505).

4. SAME—JURY TRIAL—WAIVER OF RIGHT.

The effect of defendant's waiver of his right to a jury trial is nullified by a subsequent motion for trial by jury, made together with a motion to withdraw a plea of guilty before sentence is pronounced.

DISSENTING OPINION.

LEVIN, J.

5. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS OF PLEA.

*A fulfilled, as distinguished from an unfulfilled, promise of charge concession to a criminal defendant or his spouse does not affect the voluntariness of a guilty plea.*

6. SAME—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

*One seeking to withdraw a plea of guilty even before the pronouncement of sentence must give a persuasive reason why the withdrawal should be permitted.*

7. SAME—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

*Pressure on defendants is the essence of negotiated plea arrangements; therefore the presence of such pressure is not sufficient reason for allowing defendant to withdraw his plea and it was not a breach of discretion by a trial court to refuse to let him withdraw the plea.*

8. SAME—SIGNIFICANCE OF GUILTY PLEA.

*If guilty pleas are to be meaningful, they must, upon acceptance, be the equivalent of convictions; and the probable guilt or innocence of the defendant should be irrelevant on a motion to withdraw a guilty plea.*

Appeal from Wayne, Burdick (Benjamin D.), J. Submitted Division 1 April 5, 1968, at Detroit.

(Docket No. 2,663.)  Decided June 28, 1968.  Rehearing denied August 5, 1968.  Leave to appeal granted December 10, 1968.  See 381 Mich 791.

George A. Hollman was convicted on his plea of guilty of keeping and occupying a building for gambling purposes.  Defendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Miles A. Hurwitz,* for defendant on appeal.

VANDER WAL, J.  Defendant, his wife and others were charged with conspiracy to promote a lottery.[1] On arraignment defendant filed a written waiver of his right to a jury trial and pleaded guilty to an added count of keeping and occupying a building for gambling purposes.[2]  The court accepted the plea of guilty after questioning the defendant to determine that the plea was voluntary and not induced by any promise of reward.  At that time the court permitted the prosecuting attorney, with the concurrence of the Livonia police department, to dismiss the case as against Evelyn Hollman.

On the day defendant was to be sentenced his attorney made a motion to withdraw his plea of guilty in order to proceed with a full jury trial. The ground offered for the motion was that defendant was, in fact, innocent but had pleaded guilty at the behest of his wife who was allegedly too ill to withstand the pressures of a trial.  The motion was

[1] CL 1948, §§ 750.372, 750.505 (Stat Ann 1954 Rev §§ 28.604, 28.773).
[2] CL 1948, § 750.302 (Stat Ann 1954 Rev § 28.534).

denied, and defendant was found guilty of keeping and occupying a building for gambling purposes, placed on probation for one year, and fined $500 in costs.

Defendant appeals the denial of his motion to withdraw his plea of guilty and seeks an order for a trial on the merits.

In order to protect the substantial constitutional rights involved, the courts of this jurisdiction have generally been sympathetic to criminal defendants who wish to withdraw their plea of guilty at any time before sentence.

"It has been repeatedly held by this Court that a defendant in a criminal case may withdraw his plea of guilty at any time before sentence is imposed.

" 'We have no question that at any time before sentence the plea of guilty may be changed by the court to one of not guilty.' *People* v. *Utter* (1920), 209 Mich 214, 224.

" 'A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence.' *People* v. *Piechowiak* (1936), 278 Mich 550, 552.

" 'A plea of guilty may be withdrawn at any time before sentence.' *People* v. *Wexner* (1937), (syllabus) 280 Mich 696.

" 'The first question has been ruled upon by this court on two occasions recently, and it is now the settled rule in this State that a plea of guilty may be withdrawn at any time before sentence.' *People* v. *Stone* (1940), 293 Mich 658, 661.

" 'We are committed to the doctrine that a defendant may withdraw his plea at any time before sentence has been imposed.' *People* v. *Vasques* (1942), 303 Mich 340, 342." *People* v. *Sheppard* (1947), 316 Mich 665, 667, 668.

See, also, *People* v. *Hollingsworth* (1953), 338 Mich 161, 163, 164, and *People* v. *Anderson* (1948), 321 Mich 533, 535, 536.

There is a sound policy argument behind the numerous cases permitting the withdrawal of a plea of guilty before sentence.

"The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant rights of confrontation, cross-examination, *et cetera*. While these rights may be waived by the defendant, the law has erected many safeguards to protect him against his own ignorance, or folly, and against the pressures that might be applied by others. In the case in which the defendant has pleaded guilty, and then desires to avail himself of his constitutional guarantees, the law will not punish him for his indiscretion." *People* v. *Banning* (1950), 329 Mich 1, 7.

Permission to withdraw a plea of guilty must be liberally granted, especially where, as in the instant case, no trial has commenced and the record shows circumstances that cast grave suspicion upon the veracity and voluntariness of the guilty plea. We hold that it was an abuse of discretion to deny defendant's motion to withdraw his plea of guilty.

The effect of defendant's waiver of his right to a jury trial was nullified by his subsequent motion for a trial by jury. At any time prior to trial and sentencing, courts must be patient with indecisive defendants concerning their basic constitutional right to a trial by jury.

The first count of the information was never dismissed.

Reversed and remanded for a full trial to determine defendant's guilt or innocence on both counts specified in the information.

T. G. Kavanagh, J., concurred with Vander Wal, J.

Levin, J. (*dissenting*).    Defendant asserts he pleaded guilty to an added lesser offense in consideration of the prosecutor's agreement to dismiss charges against his wife who was ill at the time (and, presumably, also in consideration of dropping the more serious offense originally lodged against the defendant himself).    The agreement is not denied by the prosecutor, nor is it asserted that the prosecutor has not carried out his end of the bargain.[1]    The charges against the defendant's wife were dismissed.

The overwhelming weight of established authority is that a kept,[2] as distinguished from an unfulfilled,[3]

---

[1] In its brief the prosecution claims there were 62 witnesses endorsed on the information and there is a serious question whether they will all still be available at the time of the trial which this court has ordered. No attempt was made by the defendant either in the motion to withdraw his plea or at the time of hearing thereon to establish that the prosecution would not be prejudiced if the motion were granted.

[2] The various opinions in *Shelton* v. *United States* (CA 5, 1957), 242 F2d 101, reversed 246 F2d 571 (*en banc*), reversed *per curiam* on solicitor general's confession of error (1958), 356 US 26 (78 S Ct 563, 2 L Ed 2d 579), express conflicting arguments concerning the propriety of plea bargaining, but the majority opinion on the *en banc* rehearing in *Shelton* clearly represents the view now prevailing.    For a recent comprehensive collection of the authorities, see *Commonwealth* v. *Maroney* (1966), 423 Pa 337 (223 A2d 699), upholding a plea bargain in a murder case in a State where capital punishment may be imposed.

The American Bar Association's Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, p 60, *et seq.*, and the President's Commission on Law Enforcement and Administration of Justice, Task Force Report:    The Courts (1967), pp 9, 10 (The Challenge of Crime in a Free Society, pp 134, 135) both state that the prevailing view is that plea bargaining is sound.    The President's commission declined to take a position on the propriety of plea bargaining (pp 10, 13) while the proposed ABA standards approve the practice (p 60).

The recent decision in *United States* v. *Jackson* (1968), 390 US 570 (88 S Ct 1209, 20 L Ed 2d 138), may, however, portend a change in controlling law.    In that case the court held unconstitutional a death penalty provision which could be imposed only by the jury, and which thus could be avoided by waiving jury trial and pleading guilty, on

promise of charge concession does not affect the voluntariness of a guilty plea.

Even though I believe a guilty plea in response to the pressure of the bargaining process is inherently involuntary and the plea bargaining practice inconsistent with the sound administration of justice,[4] we are bound to accept the law as we find it and leave to higher authority the decision whether and when to change it. We are not justified in making exceptions in individual cases.

Defendant asks us to confound the matter by establishing a distinction, which does not appear heretofore to have been recognized,[5] between a prom-

the ground that it chilled exercise of the constitutional right to a jury trial and needlessly encouraged waiver of the right. For a recent decision rejecting plea bargaining, see *Application of Buccheri* (1967), 6 Ariz App 196 (431 P2d 91).

[3] See *In re Valle* (1961), 364 Mich 471, 475; *Machibroda* v. *United States* (1962), 368 US 487, 493 (82 S Ct 510, 7 L Ed 2d 473, 478).

[4] See my separate opinion in *People* v. *Byrd* (1968), 12 Mich App 186, and opinion in *People* v. *Earegood* (1968), 12 Mich App 256.

[5] While a promise not to prosecute a defendant's wife in exchange for an extrajudicial confessional *statement* by the defendant has been held to render the statement inadmissible as involuntarily made (*Crawford* v. *United States* [CA 5, 1955], 219 F2d 207), a different standard is generally applied in determining whether a *guilty plea* is voluntary. In the plea situation, it has been held that a kept promise of charge reduction in favor of defendant's pregnant wife did not vitiate the plea (*Cortez* v. *United States* [CA 9, 1964], 337 F2d 699, certiorari denied 381 US 953 [85 S Ct 1811, 14 L Ed 2d 726]); similarly, see *Allen* v. *Rodriguez* (CA 10, 1967), 372 F2d 116; *McGuffey* v. *Turner* (DC Utah, 1967), 267 F Supp 136. See, also, *United States* v. *Finney* (WD Pa, 1965), 242 F Supp 112, holding that a kept promise not to foreclose on the defendant's father's house in consequence of the forfeiture of defendant's bond did not affect the voluntariness of his plea. For a discussion concerning promises for the benefit of relatives of the defendant, see 29 Am Jur 2d, Evidence, § 562, and for a review of the authorities *pro* and *con*, see Annotation: Police statements that if suspect confesses his relatives will be released from custody or not be arrested, as rendering confession involuntary, 80 ALR2d 1428.

There is no real distinction between the confession and plea situations—if a confession induced by a promise is involuntary, so, too, is a plea. Some of the highest appellate courts in the land, however, insist there is such a distinction, despite the fact that a guilty plea dispenses with the need for any trial at all (*Kercheval* v. *United States* [1927], 274 US 220, 223 [47 S Ct 582, 71 L Ed 1009]), while the clearest confession of guilt would not necessarily have that severe or definite a consequence.

ise of a charge concession to the defendant himself (which would not affect the voluntariness of the plea) and a promise of such a concession for the benefit of defendant's wife. The assumption that a defendant's will is more likely to be overborne by a threat to incarcerate his wife than a threat to incarcerate the defendant himself is both quixotic and fanciful.[6] There is no basis for a distinction in favor of even the chivalrous accused, assuming it could be established his guilty plea was motivated by such selfless sensitivities.

Our Supreme Court has held that one seeking to withdraw a guilty plea *even before the pronouncement of sentence* must state a "persuasive reason" why the withdrawal should be permitted. *People* v. *Zaleski* (1965), 375 Mich 71, 81.[7] The reasons offered by the defendant here are that his plea was induced by his wife's ill health, her desire to avoid trial and the pressure on him to agree to the previously mentioned plea arrangement.

But pressure on defendants is the essence and the *sine qua non* of negotiated plea arrangements. If negotiated pleas are valid, then (unless the courts are to evolve a body of law concerning the various

---

[6] The same rule has been applied where the promise is for the benefit of defendant's fiancee. "If a defendant elects to sacrifice himself for such motives, that is his choice." *Kent* v. *United States* (CA 1, 1959), 272 F2d 795, 798.

[7] In *People* v. *Davis* (1964), 372 Mich 402, and *People* v. *Case* (1954), 340 Mich 526, the Supreme Court affirmed denials of motions to withdraw guilty pleas before sentencing in cases where the defendants pleaded guilty to negotiated lesser charges. Earlier statements indicating that prior to sentence a guilty plea may be withdrawn as a matter of right (see e. g. *People* v. *Stone* (1940), 293 Mich 658; *People* v. *Vasquez* (1942), 303 Mich 340, 342), have been overruled *sub silentio* by such and other later decisions of our Supreme Court. In *People* v. *Bencheck* (1960), 360 Mich 430, where the court (prior to the holding in *Zaleski*) said the trial judge's discretion to permit withdrawal of a guilty plea should be "exercised with great liberality" before sentence and that on an assertion of innocence the trial judge should grant a request not "obviously frivolous" to withdraw a guilty plea, the defendant's plea was not negotiated as he pleaded guilty to the offense charged (statutory rape).

degrees of pressure which properly can be brought to bear on defendants)[8] such pressure on defendants is permissible. Thus, under existing law, the defendant here has advanced no judicially recognized reason for allowing him to withdraw his plea,[9] and the trial judge did not abuse his discretion in refusing to allow the defendant to withdraw his plea.

There is no real distinction between a defendant's attempted renunciation of the plea contract before sentencing and after sentencing. If a plea arrangement is involuntary before sentencing, it would not become voluntary upon sentencing; and if it is voluntary after sentencing, then it must have been voluntary before sentencing. It cannot reasonably be asserted that the fact of negotiation and bargain-

---

[8] If we are to do so, there are more compelling cases than this one. See *Commonwealth* v. *Maroney, supra.* Compare *McClure* v. *Boles* (ND W Va, 1964), 233 F Supp 928, with *Hulett* v. *Sigler* (D Neb, 1965), 242 F Supp 705, *Allen* v. *Rodriguez, supra,* and *State* v. *Lampson* (1967), — Iowa — (149 NW2d 116), concerning "promises" or "threats" regarding recidivist charges as an inducement to plead guilty.

[9] In *People* v. *Pulliam* (1968), 10 Mich App 481, our Court acknowledged that *People* v. *Zaleski, supra,* signaled a "demarcation of sorts from the old concept that a guilty plea might be withdrawn with impunity at any time prior to sentence", stating the grounds assigned for the withdrawal of the guilty plea "must have substance", must be "persuasive" and "nonfrivolous" even where the request to withdraw precedes sentence. The grounds assigned in *Pulliam* were prosecutorial promises of sentence concessions, restrictions on defendant's ability to prepare his defense and threats against witnesses. The *Pulliam* Court said the assigned grounds for withdrawal were not "frivolous" or "nonpersuasive." However, the *Pulliam* Court did not consider whether a prosecutorial promise of sentence concession obliges the trial judge to grant a motion to withdraw a guilty plea. In *Pulliam* the defendant had been sentenced and the sentence had been set aside for reasons unrelated to the appeal. Thus the motion to withdraw the guilty plea followed the vacation of the first sentence, and it was, no doubt, claimed (although this does not appear in the report of the case) that the promised concession had not been fulfilled at the first sentencing. The *Pulliam* Court confirmed the trial judge's finding that the allegations in support of the motion to withdraw the plea of guilty were not true. That fact finding distinguishes *Pulliam* from *In re Valle, supra,* in which case the Supreme Court held an unkept promise by the prosecutor of sentence concession required setting aside the plea after sentencing.

ing is a "persuasive reason" for allowing the withdrawal of a plea before sentencing and not after.

If guilty pleas are to mean anything they must, upon acceptance by the trial court, be the legal equivalent of conviction. The probable guilt or innocence of the defendant is irrelevant on a motion to withdraw a guilty plea, whether *before* or after sentence.[10]

The establishment of a more liberal standard for plea withdrawal before sentencing than afterwards could only be justified if we fear that defendants might withdraw their pleas after sentence because of disappointment concerning the severity of the sentence. That should, however, be of no concern if all inducing promises have been kept, because then no defendant could properly be disappointed. In this connection, we should apply standards which we unhesitatingly apply in civil cases where it is asserted that one has been misled by another.[11] If all such promises have not been kept, then the defendant is entitled to withdraw his plea as a matter of right.[12]

Here the promises made to the defendant were kept. Although I personally believe a plea of guilty in response to a promise of charge reduction, *whether kept or unfulfilled,* is involuntary because induced

---

[10] *People* v. *Zaleski* (1965), 375 Mich 71, 83; *Kercheval* v. *United States* (1927), 274 US 220, 223 (47 S Ct 582, 71 L Ed 1009); *Williams* v. *Kaiser* (1944), 323 US 471, 475 (65 S Ct 363, 89 L Ed 398); *Rogers* v. *Richmond* (1961), 365 US 534, 544 (81 S Ct 735, 5 L Ed 2d 760). But see *People* v. *Dunn* (1968), 380 Mich 693.

[11] "It would have made no difference that the promise was conditional, if the condition itself was in essence a misrepresentation." *Dillon* v. *United States* (CA9, 1962), 307 F2d 445, 450 (prosecutor testified he had agreed to make sentence recommendation in exchange for guilty plea "if asked" to do so by judge; but the judge stated it was not his practice to request recommendations). See, also, *Reddick* v. *State* (Fla App, 1966), 190 So 2d 340; *Smith* v. *O'Grady* (1941), 312 US 329, 334 (61 S Ct 572, 85 L Ed 859); *United States* v. *Lester* (CA 2, 1957), 247 F2d 496, 501; *State* v. *Cochran* (1933), 332 Mo 742 (60 SW2d 1).

[12] *In re Valle, supra,* and *Machibroda* v. *United States, supra.*

by the promise, under existing precedent a plea in response to a kept promise may not be withdrawn. Controlling authority also requires that a "persuasive reason" be advanced by one seeking to withdraw his plea, whether before or after sentence. Merely beause the request for withdrawal of the plea is prior to sentence does not require the trial judge to grant such request. The fact that the plea in this case was motivated by a kept promise is not under present law a reason entitling the defendant to withdraw the plea. The trial judge's failure to find a reason justifying withdrawal of the plea where there was none is not an abuse of discretion. There is no error.