PEOPLE *v* UNGUREAN

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA.
   Allowing the withdrawal of a defendant's guilty plea after conviction is within the trial judge's discretion.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION—TRANSCRIPT.
   A trial judge may consider the preliminary examination transcript in determining a factual basis for the acceptance of a defendant's plea of guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—ANCILLARY CONSEQUENCES.
   A trial judge has no duty to inform an accused of possible ancillary consequences of his guilty plea.

4. CRIMINAL LAW—PLEA OF GUILTY—ANCILLARY CONSEQUENCES—RECIDIVIST PROSECUTION.
   Failing to inform a defendant, who pled guilty to escape from jail through the use of violence, that he could be subject to prosecution under the recidivist statutes was not error.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 December 9, 1971, at Lansing. (Docket No. 11116.)   Decided January 25, 1972.

Florian Ungurean was convicted, on his plea of guilty, of escape from jail through the use of violence. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Noel G. Petersen,* Acting Prosecuting Attorney, for the people.

*Brundage & Kingsley,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 503, 504.
[2–4] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.

Before: McGREGOR, P. J., and BRONSON and TAR-
GONSKI,* JJ.

PER CURIAM. Defendant was convicted in Calhoun
County Circuit Court on his plea of guilty to the
charge of escape from jail through the use of vio-
lence. MCLA § 750.197c (Stat Ann 1971 Cum Supp
§ 28.394[3]). His motion to withdraw his guilty
plea and for a new trial was denied by the circuit
court. Defendant appeals of right.

Defendant argues that the circuit court judge
failed to properly inquire into the circumstances of
the plea pursuant to GCR 1963, 785.3 and MCLA
§ 768.35 (Stat Ann 1954 Rev § 28.1058). Defendant
also contends that the circuit judge erred in not in-
forming him that he could be subject to prosecution
under the recidivist statutes.

The withdrawal of a guilty plea after conviction
is within the trial judge's discretion. *People* v. *Vas-*
*quez* (1942), 303 Mich 340. In accepting a guilty
plea, a trial judge may consider the preliminary
examination transcript in determining a factual
basis for the plea. *People* v. *Bartlett* (1969), 17
Mich App 205. Our examination of the arraignment
and preliminary hearing convinces us that a suffi-
cient factual basis for the plea existed. Defendant's
second contention is also without merit. A trial
judge has no duty to inform an accused of possible
ancillary consequences of his guilty plea. *People* v.
*Dunn* (1968), 380 Mich 693.

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by as-
signment pursuant to Const 1963, art 6, § 23 as amended in 1968.